### CUYLER and others *vs.* BOGERT and others.

If the defendant has a defence which will excuse him from a discovery as to the whole or any material parts of the bill, he must make such defence by plea, or demurrer.

As a general rule, if the defendant submits to answer the complainant's bill, he must answer fully.

A purchaser, for a valuable consideration, without notice, may, by an answer, object to a discovery which would destroy his title; provided he sets up this defence, and fully denies all the circumstances stated in the bill, which go to charge him with actual or constructive notice of the complainant's equity.

Where the defendant, by his answer, objects to the discovery of particular matters alleged in the bill, he cannot answer as to such matters in part, without overruling his own objection.

It is not a sufficient answer to the matters charged in the bill, for the defendant to aver that he has no knowledge or information of the same, except what is derived from certain depositions taken previous to the filing of the bill; which depositions are not annexed to the answer, nor the substance thereof stated therein.

March 20. THIS case came before the court on exceptions to a master's report, on exceptions to the separate answer of the defendant H. H. Bogert. The principal object of the bill was to correct a mistake in a deed from J. Livingston to one of the members of the "Genesee Company," of a lot of land drawn to the share of such member. The allegation in the bill was that by mistake the deed was filled up with the number of another lot, which had been drawn by and conveyed to another member of

the company. The bill contained many other charges calculated to show that the defendant Bogert took a conveyance of Livingston's interest in the unconveyed lands of the company, subject to the equity which existed against the lot in controversy, which was intended to be conveyed by the deed now sought to be corrected. The defendant Bogert, by his answer, professed to answer as to every material allegation in the bill. He also set up in bar of the relief, that he was a purchaser of all J. Livingston's interest in the unconveyed lands, for a valuable consideration. As to the original equities between Livingston and the person under whom the complainants claim, he answered, that he had no particular knowledge or information, other than the information which he derived from the depositions of J. Coffin and J. Wegram, taken at the instance of the complainants, or some of them, previous to the filing of the bill ; and that he believed the facts stated in the deposition of Coffin to be true. And he referred the complainants to those depositions for further particulars. The master allowed the several exceptions taken to the sufficiency of the answer. And it was contended, among other things, upon the argument of the exceptions to the master's report, that the defendant was not bound to answer fully as to the merits of the complainants' claim, as set out in the bill.

*L. H. Palmer*, for the complainants.

*A. Van Vechten*, for the defendants.

THE CHANCELLOR. The rule appears now to be well settled, with two or three exceptions, that if a defendant has a defence which will excuse him from a discovery as to the whole or any material parts of the bill, he must make such defence by plea, or demurrer. And if he submits to answer, he must answer fully. (*Mitf. 4 Lond. ed.* 307, *note h.*) One exception to this rule is, that a purchaser, for a valuable consideration without notice, may by answer object to a discovery which is to destroy his title ; provided he sets up this defence in the answer, and fully denies all the circumstances stated in the bill, which go to charge him with actual or constructive notice

of the complainants' equity.   I was never well satisfied, even with this exception to the general rule, as it compels the complainant to prove his whole case, although he may be able to show conclusively that the defendant's allegation of bona fide purchase is false.   I think, however, the case under consideration does not come within this exception.   That part of the answer in which the defendant alleges that he is a bona fide purchaser, is not set up by way of objection to the discovery sought by the bill ; but only as a bar to the relief.   And the defendant has undertaken to answer all the matters in the bill, notwithstanding this defence.   Having answered the residue of the bill in part, the defendant was bound to answer it fully. Although he might, by an answer, showing himself a bona fide purchaser without notice, object to the discovery as to the other matters of the bill, he is not permitted to select such parts of those matters as he thinks proper to answer, and to leave the others unanswered.   If he uses this fact in the answer as a substitute for a plea, the rules of pleading must be applied to it.   He cannot, by answer, object to the discovery of particular facts in the bill, and then answer those matters in part, without overruling his own objection.   The complainants are therefore entitled to a discovery of every material fact stated in the bill.

The first and second exceptions to the answer are well taken.   The defendant, as to the matter of those exceptions, avers he has no knowledge or information other than such as is derived from certain depositions taken previous to the filing of the bill.   He says he believes one of those depositions to be true ; and refers the complainants to those depositions for further information.   The depositions are not made a part of the answer ; and if the cause was brought to a hearing on bill and answer, they could not be read in support of the allegations in the bill.   Those allegations should have been answered according to his information and belief, if he had no personal knowledge thereof.   And if he had no other information than that which was obtained from the depositions, he should have stated what that information was, and have negatived all other, except from the statements in the complainants' bill.   (*Morris* v. *Parker*, 3 *John. Ch. Rep.* 297.   *Smith* v. *Lasher*, 5 *Id.* 247.)

All the allegations to which the third exception relates were also material, and they should have been answered fully and circumstantially, as to the information and belief of the defendant, and not merely as to his personal knowledge. Without taking up further time, to go into a detail of the several reasons on which the other exceptions to the answer are sustained, I am satisfied the master's report as to all of them is correct. The exceptions to the report are therefore overruled, and the report is confirmed, with costs. The defendant H. H. Bogert must pay those costs, together with the costs of the original exceptions, and of the proceedings thereon, and put in a further answer, within forty days after notice of the order, or the bill must be taken as confessed against him.